NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

NOV 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: POINT CENTER FINANCIAL, INC., <br><br> Debtor, <br> _____ <br><br> RICHARD M. KIPPERMAN, State Court Appointed Limited Post Judgment Receiver, <br><br> Appellant, <br><br> v. <br><br> HOWARD B. GROBSTEIN, Chapter 7 Trustee, <br><br> Appellee. | No. 20-56050 <br><br> D.C. No. 8:20-cv-00663-DSF <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted October 19, 2021
Pasadena, California

Before: CALLAHAN, OWENS, and FORREST, Circuit Judges.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appellant Richard M. Kipperman is the State Court Appointed Limited Post Judgment Receiver ("the Receiver") for the Brewer group which holds five separate liens against the debtor, Point Center Financial, Inc. ("PCF"). On remand from our prior decision, *In re Point Center Financial, Inc.* 780 F. App'x 496 (9th Cir. 2019), the Bankruptcy Court ("BC") found that the evidence as to whether the Brewer group's first lien was effective prior to Dan Harkey, PCF's principal, assigning certain funds to CalComm Capital, Inc. was in equipoise and therefore the Receiver had not met his burden of proving when the assignment became effective. The Receiver appealed to the district court, which affirmed the BC, and now the Receiver appeals to this court. We have jurisdiction, *see* 28 U.S.C. § 158, and we affirm.

**1.** We reject the Receiver's assertion that the doctrines of judicial estoppel, issue preclusion, and law of the case barred the BC from holding that the assignment was effective before the Brewer group's lien attached. Judicial estoppel may apply when: (1) the party's later position is "clearly inconsistent" with its earlier position; (2) the party "succeeded in persuading a court to accept that party's earlier position, so that judicial acceptance of an inconsistent position in a later proceeding would create 'the perception that either the first or the second court was misled'"; or (3) "the party seeking to assert an inconsistent position would derive an unfair advantage or impose an unfair detriment on the opposing

2

party if not estopped." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782–83 (9th Cir. 2001) (quoting *New Hampshire v. Maine*, 532 U.S. 742, 750–51 (2001)). "Issue preclusion, or collateral estoppel, bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Howard v. City of Coos Bay*, 871 F.3d 1032, 1040–41 (9th Cir. 2017) (citation and quotation marks omitted). Similarly, the "law of the case" doctrine precludes a court "from reexamining an issue previously decided by the same court, or a higher court, in the same case." *United States v. Jingles*, 702 F.3d 494, 499 (9th Cir. 2012) (citation omitted).

**2.** The Receiver's argument for all three theories is based on the faulty premise that the BC's November 2, 2014, order, arising from an avoidance action brought by the trustee in PCF's underlying bankruptcy proceeding, found that the lien attached prior to the effective date of the assignment. However, the issue before the BC in 2014 was only whether Harkey executed the assignment within two years of PCF's bankruptcy filing. *See* 11 U.S.C. § 548. While the BC found that there was "uncontroverted evidence indicating that the CalComm Agreements were not prepared and executed until March 2012 even though they were backdated August 1, 2010," the BC did not, and was not required to, determine when in March 2012 the assignment became effective. Accordingly, the 2014

3

order did not condition the BC's subsequent consideration of whether the assignment occurred before March 16, 2012, the date that we previously held the first Brewer group lien became effective. *In re Point Ctr. Fin., Inc.,* 780 F. App'x at 498. Consequently, the Receiver has not shown that judicial estoppel, issue preclusion, or law of the case restricted the BC's subsequent considerations of whether the assignment occurred before March 16, 2012.

**3.** Although a close case, applying the applicable standard of review, we conclude that the Receiver has not carried his burden of showing that the BC clearly erred in determining that the evidence as to whether the assignment was made before March 16, 2012, is in equipoise.

We review the BC's decision directly. *In re Bakersfield Westar Ambulance, Inc. v. Cmty. First Bank (In re Bakersfield Westar Ambulance)*, 123 F.3d 1243, 1245 (9th Cir. 1997). "We review the bankruptcy court's findings of fact for clear error and its conclusions of law de novo." *Father M. v. Various Tort Claimants (In re Roman Cath. Archbishop)*, 661 F.3d 417, 424 (9th Cir. 2011). "We must accept the bankruptcy court's findings of fact, unless 'the court is left with the definite and firm conviction that a mistake has been committed.'" *Decker v. Tramiel (In re JTS Corp.)*, 617 F.3d 1102, 1109 (9th Cir. 2010) (quoting *Greene v. Savage (In re Greene)*, 583 F.3d 614, 618 (9th Cir. 2009)).

The evidence before the bankruptcy court with respect to *when* Harkey

4

executed the assignment was limited. Dale Martin, PCF's in-house counsel, sent the assignment to Harkey on March 15, 2012, the day before Brewer group's first lien attached, and he testified that he did not know when the assignment was executed, which could suggest that it was not completed by March 16, 2012. On the other hand, there is evidence and metadata that Harkey was considering an assignment well before March 15. Moreover, it seems that Martin was not part of Harkey's inner circle and there was no apparent need for Harkey to tell Martin when the assignment was executed. While we might have expected that the record would contain considerably more evidence as to the effective date of the assignment, we must decide this appeal on the record provided by the parties.

Given the ambiguities, we do not have a definite and firm conviction that the BC erred in finding the factual record inconclusive as to whether the assignment occurred after March 16, 2012. Because the Receiver has not met his burden of showing by the preponderance of the evidence that the assignment was executed on or after March 16, 2012, we accept the BC's factual determination that the evidence is in equipoise, and the BC's rejection of the Receiver's objections is **AFFIRMED**.[1]

---

[1] The Receiver's motion to take judicial notice is granted.